IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Daniel Shannon, | Civil Action No. 6:11-2332-JFA-KFM |
| Plaintiff, | |
| vs. | **REPORT OF MAGISTRATE JUDGE** |
| Mr. William R. Byars, Jr., etal., | |
| Defendants. | |

This matter is before the court on the defendants' motion for summary judgment. The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

## FACTS PRESENTED

The plaintiff is currently housed as an inmate with the South Carolina Department of Corrections ("SCDC") at the Kirkland Correctional Institution ("KCI") in its Maximum Security Unit. He is serving a life sentence without possibility for parole for murder, arson, kidnapping, burglary, and armed robbery. He began his current sentence in 2003. The plaintiff has been committed to multiple SCDC institutions since his 2003 conviction, but the complaint giving rise to this suit involves his time at Perry Correctional Institution ("PCI").

On or about March 18, 2009, while being housed in the PCI Special Management Unit ("SMU"), the plaintiff addressed Requests to Staff forms (collectively referred to as "Requests") to two SCDC employees, correctional officers Sgt. Daniel Cotter and Lt. Dwayne Monroe, and put them into unsealed envelopes to be delivered outside PCI.

These forms were addressed to the respective officers at their personal residences. The Requests asked the officers to retrieve certain legal work that was previously seized from another inmate as contraband material and to return it to the plaintiff. The PCI Mailroom Supervisor, defendant Nancy Merchant, states in her affidavit that she intercepted the Requests, created an incident report, and forwarded the report and Requests to the shift supervising officer (Merchant aff. ¶¶ 6-8, ex. A). The shift supervising officer then forwarded the documents to defendant Major Rhonda Abston ("Abston"). Defendant Abston classified the letters as a violation of SCDC Policy OP-22.14, Appendix A, Level 3 Offense 838 - Soliciting Improper Relationship.

> Offense 838 states:
>
> **Assistance from an Employee or an Inmate to Violate an Agency Rule or an Employee Rule**: The act of any inmate who willfully induces any person to do or agree to do any act in violation of his/her lawful duty or in violation of SCDC rules and regulations, or in violation of the lawful rules and regulations of a government agency which is exercising legitimate authority over an inmate. Assisting in the Corruption of or Entering into an Improper Relationship with an Employee: The act of any inmate who willfully gives, offers or promises anything of value with the intent to influence any official act or action within the official responsibility of any employee; the act of any inmate who enters into an improper relationship with an employee. Soliciting Money or Gifts from a SCDC Employee or an Inmate, or from another person for the Benefit of an Inmate: Any inmate who tries to obtain, buy, or entice money or gifts from any SCDC employee or another person for his/her benefit.

(Warden David McCall aff., ex. A at pp. 8-9).

On or about March 19, 2009, a Disciplinary Report and Hearing Record ("Report") was created, and the plaintiff was notified that a disciplinary hearing would be scheduled on March 31, 2009. The report reflects that at the disciplinary hearing the evidence presented included the production of the Requests and envelopes, defendant

2

Merchant's testimony of her interception and handling of the letters, and the plaintiff's own testimony that he wrote the Requests. The report further reflects that the plaintiff was found guilty of Offense 838 by defendant Disciplinary Hearing Officer ("DHO) Richard Turner and was administered a suspension of privileges for 180 days and a 60-day disciplinary detention (Merchant aff. ¶ 10, ex. B). .

Almost three months later, on or about June 25, 2009, defendant David M. McCall, Jr., the Warden of PCI, received a report that the plaintiff had received the personal information of SCDC employees through the mail. A search of the plaintiff's cell was ordered and the personal contact information of ten SCDC employees were found inside. Warden McCall then requested an emergency admission of the plaintiff into the Maximum Security Unit ("MSU") at KCI due to the prior incidents of possessing SCDC employee personal information, the plaintiff's two year gang affiliation, and the plaintiff's role in a credit card fraud and stolen identity case at Lee Correctional Institution in 2008. On July 14, 2009, the MSU Review Board met and reviewed the plaintiff's detention and unanimously recommended that the plaintiff remain in MSU pending further evaluation (McCall aff. ¶¶ 11-13, ex. B). The plaintiff has been housed in MSU since his transfer to KCI in June 2009.

The plaintiff filed his complaint in this action on September 1, 2011, alleging that his conviction for violation of Offense 838 was wrongful, that the disciplinary hearing was improperly conducted, and that his resulting transfer to MSU was, therefore, unwarranted (comp. ¶¶ 20-22). Specifically, the plaintiff maintains that the actions of sending the Requests to SCDC staff members, which he candidly admits in his complaint (*see id.* ¶¶ 11-15), were not violative of Offense 838. He requests that his conviction of the violation of Offense 838 be declared null and void as a violation of his Fourteenth Amendment constitutional rights, that the conviction be removed from his record, and that he be granted the unspecified "costs in this suit" (*id*. ¶ 23). The plaintiff filed Step 1 and Step 2 grievances with regard to this issue.

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

***Heck v. Humphrey***

The defendants first argue that the Supreme Court's decision in *Heck v. Humphrey,* 412 U.S. 477 (1994) bars the plaintiff from pursuing his Due Process claim under Section 1983. Specifically, the defendants assert:

> Here, the Plaintiff's Complaint falls squarely within the Court's holding in *Heck*. The Plaintiff cannot demonstrate the invalidity of the disciplinary conviction or sentence at issue. He has failed to produce an Order from a state tribunal invalidating the disciplinary conviction and he has failed to file a petition for writ of habeas corpus prior to filing suit in the present case. The Plaintiff only cites his Step I and Step II grievances as evidence for any administrative follow up to his conviction before filing the instant suit. (See Document Entry No. 1-1.) Moreover, a judgment in favor of the Plaintiff would necessarily imply the invalidity of the Plaintiff's disciplinary conviction or sentence. As such, the Plaintiff's claim for damages under § 1983 is invalid and summary judgment should be granted in favor of all Defendants.

(def. m.s.j. at 6).

In his response to the defendants' motion for summary judgment, the plaintiff asserts that the discipline imposed on him with respect to the disciplinary conviction had no effect on his original conviction or sentence, and if his claim is successful, it will not affect the length of his confinement (pl. resp. m.s.j. at 8). Therefore, he asserts that he is not barred by *Heck* from pursuing the claims raised in his complaint.

This court agrees with the plaintiff that *Heck* is not applicable to the circumstances of this case. Here, the plaintiff did not lose good time credit as part of his disciplinary sanctions. Thus, the relief he requests has no effect on his underlying conviction or sentence or the fact or duration of his confinement. Therefore, he is entitled to challenge the procedures employed in his disciplinary proceedings under Section 1983. *See Heck*, 512 U.S. at 487 (if a successful § 1983 action will not invalidate an outstanding criminal judgment, it should be allowed to proceed); *Wolff v. McDonnell*, 418 U.S. 539, 555

5

(1974) (although a prisoner may not use § 1983 to obtain the restoration of good time credits lost in a disciplinary proceeding, he may use § 1983 to challenge the validity of those proceedings).

*Due Process*

The plaintiff argues that Offense 838 is an unconstitutionally vague regulation as applied to him, and thus his conviction under the regulation violates his rights under the Due Process Clause of the Fourteenth Amendment. The Due Process Clause provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. "Due process undoubtedly requires certain minimal standards of specificity in prison regulations...." *Meyers v. Alldredge*, 492 F.2d 296, 310 (3rd Cir.1974). However, given the differences in a prison environment and ordinary society, the courts have applied a relaxed version of the vagueness doctrine to prison regulations. *Id*. As the Sixth Circuit Court of Appeals explained in *Wolfel v. Morris*, 972 F.2d 712, 717 (6th Cir.1992):

> Generally, due process prohibits excessively vague laws. However, the degree of specificity required in prison regulations is not the same as that required in other circumstances:
>
>> Due process undoubtedly requires certain minimal standards of specificity in prison regulations, but we reject the view that the degree of specificity required of regulations is as strict in every instance as that required of ordinary criminal sanctions. This results from the fundamental difference between normal society and prison society. The maintenance of strict security and discipline, with its unfortunate but unavoidable circumscription of an inmate's freedom to act, is essential to safe and efficient prison administration. As such, it is nearly impossible for prison authorities to anticipate, through narrowly drawn regulations, every

> conceivable form of misconduct which threatens
> prison security.

*Id.* (quoting *Meyers,* 492 F.2d at 310). Moreover, "[b]ecause 'legalistic wrangling' over the meaning of prison rules 'may visibly undermine the [prison] administration's position of total authority,' federal courts have deferred to the interpretation of those rules by prison authorities 'unless fair notice was clearly lacking.' " *Adams v. Gunnell*, 729 F.2d 362, 369 (5th Cir.1984) (quoting *Hadden v. Howard*, 713 F.2d 1003, 1008 (3d Cir.1983)).

Under SCDC policy, all incoming and outgoing general correspondence that is not otherwise marked as legal or privileged correspondence is to be opened and inspected (def. m.s.j. at 8 (citing SCDC Policy PS-10.08)). Here, the plaintiff addressed Requests to Staff to two SCDC employees at their home addresses, which were opened by mailroom staff pursuant to SCDC policy. The Requests asked that the officers retrieve and give to him legal work that had been taken from another inmate but that the plaintiff claimed belonged to him. According to the defendants, the documents that had been taken from the other inmate were considered contraband materials. SCDC regulations prohibit an inmate from possessing contraband materials (def. m.s.j. at 8 (citing SCDC Policy OP-22.35)). Accordingly, the plaintiff's request that the officers give him the documents violated Offense 838, which makes it an offense for an inmate to willfully induce "any person to do or agree to do any act in violation of his/her lawful duty or in violation of SCDC rules and regulations." Given the foregoing, fair notice was not "clearly lacking" so as to violate the plaintiff's right to due process.

The plaintiff does not argue that the disciplinary hearing lacked procedural protections, but alleges that his conviction for violating Offense 838 was improper due to a "complete lack of evidence to support such a charge" (comp. ¶ 21). Due process is satisfied if the disciplinary hearing decision was based upon "some evidence in the record." *Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. 445, 454-55 (1985). The "some evidence" standard is a lenient one, requiring no more than a "modicum of evidence," and is met if there is any evidence in the record that could support the decision.

*Id*. at 455–56. This standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir.1999). As the Supreme Court noted in *Hill*, "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." 472 U.S. at 455–56. The DHO's report states that in sustaining the charge he relied on the production of the Requests and envelopes, defendant Merchant's testimony of her interception and handling of the letters, and the plaintiff's own testimony that he wrote the Requests. The undersigned finds that the evidentiary standard of *Hill* was satisfied as to this prison disciplinary conviction.

***Transfer to MSU***

To the extent the plaintiff alleges that his transfer to MSU violates his constitutional rights, such claim fails. First, the plaintiff admits that the instant disciplinary conviction only partly influenced his transfer to PCI and MSU (comp. ¶ 20). Moreover, defendant Warden McCall maintains that a totality of the circumstances surrounding the plaintiff's actions during his incarceration, including prior incidents of possessing SCDC employee personal information, his two-year gang affiliation, and his role in a credit card fraud and stolen identity case in 2008, precipitated his movement to MSU, not the incident giving rise to this lawsuit alone (McCall aff. ¶ 12). The Fourth Circuit has specifically stated that "[t]he federal constitution itself vests no liberty interest in inmates retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement ... is within the sentence imposed ... And is not otherwise violative of the Constitution." *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir.1994) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). *See also Sandin v. Connor*, 515 U.S. 472, 484 (1995) (holding liberty interests for prisoners are "limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the

inmate in relation to the ordinary incidents of prison life"). Inmates also do not have any constitutional right to be incarcerated in any particular prison, jail, or confinement facility of any particular security level. *Meachum v. Fano*, 427 U.S. 215, 223–24 (1976). Based upon the foregoing, any such claim fails.

## *Respondeat Superior*

It appears that the plaintiff seeks to hold defendants Byars and McCall liable in their supervisory capacities (*see* comp. ¶¶ 2, 7). However, the doctrine of *respondeat superior* generally is inapplicable to Section 1983 suits. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Vinnedge v. Gibbs*, 550 F.2d 926, 928-29 (4th Cir. 1977). The plaintiff must establish three elements to hold a supervisor liable for a constitutional injury inflicted by a subordinate: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.). The plaintiff has failed to establish the three elements with regard to these defendants.

## *Immunity*

To the extent the defendants are sued in their official capacities, they correctly assert that they are entitled to Eleventh Amendment immunity from monetary damages. As arms of the state, they are entitled to sovereign immunity and are not "persons" under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Although a State may waive sovereign immunity, *Lapides v. Board of Regents*, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. *See* S.C. Code Ann. § 15-78-20(e). The defendants in their individual capacities are also entitled to qualified immunity from civil damages, as described in *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) and its progeny, as the plaintiff has failed to show that the defendants violated any of his clearly established constitutional or statutory rights.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the defendants' motion for summary judgment be granted (doc. 32).

IT IS SO RECOMMENDED.


July 26, 2012  
Greenville, South Carolina

s/ Kevin F. McDonald  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>300 East Washington St, Room 239
>Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.