IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Daniel Shannon, | ) | C/A No.: 6:11-2332-JFA-KFM |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| Mr. William R. Byars, Jr.; Ms. Nancy Merchant, Postal Director PCI; Mr. Jormal, Lieutenant at PCI; Ms. Abston, Captain at PCI; Mr. Turner, Disciplinary Hearing Officer at PCI; Mr. Michael McCall, Warden at PCI; Ms. Jane Does, also known as Does; Mr. John Does, also known as Does; | ) | |
| Defendants. | ) | |

The *pro se* plaintiff, Daniel Shannon, brings this action pursuant to 42 U.S.C. § 1983, alleging that his disciplinary conviction for violating a policy of the South Carolina Department of Corrections (SCDC) was wrongful and improperly conducted such that his due process rights under the Fourteenth Amendment were violated. He seeks injunctive relief and costs[1] in this action.

The Magistrate Judge assigned to this action has prepared a Report and Recommendation and opines that the defendants' motion for summary judgment[2] should be granted. The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a

---

[1] It is important to note that plaintiff does not seek damages in this action.

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. The plaintiff responded to the motion.

recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The parties were advised of their right to file objections to the Report and Recommendation, which was entered on the docket on July 26, 2012. As the plaintiff's objections were timely filed, this matter appears ripe for review.

BACKGROUND

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter which the court incorporates herein without recitation.

Briefly, the plaintiff was found guilty after a disciplinary hearing of addressing Requests to Staff forms to two SCDC employees to be delivered to the employees at their personal residences. The Requests asked the officers to retrieve and return to the plaintiff certain of the plaintiff's legal work that was taken from another inmate as contraband and vitamins retrieved from the plaintiff as contraband. The plaintiff contends that he was not aware that the legal materials and vitamins were considered as contraband.

The prison mailroom supervisor, Nancy Merchant, intercepted these "Requests to Staff" forms as they were addressed to the staff employees at the their home addresses.

She then created an incident report and forwarded the report to her supervisor, who then forwarded the documents to Major Rhonda Abston. Major Abston classified the letters as a violation of SCDC policy because they sought assistance from an employee to violate an agency rule, that is, the return of contraband to an inmate.

A disciplinary report and hearing record was created on or about March 19, 2009 and a hearing was scheduled for March 31, 2009. A copy of the report reflects that at the evidentiary hearing, the evidence presented included the production of the Requests to Staff forms and envelopes addressed to SCDC employees at their home residences. The plaintiff testified that he wrote the Requests to Staff.

The Disciplinary Hearing Officer found that the plaintiff was in violation of SCDC Policy OP-22.14, Appendix A, Level 3, Offense 838 — Soliciting Improper Relationship. That offense is subcaptioned "Assistance from an Employee or an Inmate to Violate an Agency Rule or an Employee Rule." After the plaintiff was found guilty, his privileges were suspended for 180 days and he received a 60-day disciplinary detention. It does not appear in the record, nor does the plaintiff allege, that any good time credits he may have earned were revoked as a result of the disciplinary conviction.

Approximately three months later, the Warden of Perry Correctional Institution (PCI) was given a report that the plaintiff had received information about SCDC employees through the mail. Warden Drew ordered a search of plaintiff's cell, and it was revealed that the plaintiff had in his possession the personal and confidential contact information of ten SCDC employees (including two of the associate wardens' home

addresses) in violation of SCDC policy. The plaintiff was immediately admitted to the Maximum Security Unit (MSU) for this infraction and as a result of prior incidents of the plaintiff's possession of SCDC employee information complained of herein, the plaintiff's two-year gang affiliation, and the plaintiff's role in a credit card fraud and stolen identity case at another correctional institution. The plaintiff has been housed in the MSU since his transfer to Kirkland Correctional Institution since June 2009. The record does not indicate the reasons for the plaintiff's continued housing in the MSU.

## DISCUSSION

### *The Plaintiff's Claims*

In his complaint, the plaintiff asserts a due process claim with two components: (1) He contends that the SCDC policy he violated was unconstitutionally vague in that it did not give him adequate notice of the conduct proscribed by the Policy; and (2) He contends that there was "no evidence" presented at the disciplinary hearing. The plaintiff does not seek to recover damages; rather, he seeks to have the disciplinary conviction expunged from his record and costs of the action if he prevails.

The defendants have moved for summary judgment arguing that (1) the plaintiff's claim is barred by *Heck v. Humphrey*, 412 U.S. 477 (1994); (2) the defendants are entitled to qualified immunity in their individual capacities; and (3) that the Eleventh Amendment of the Constitution bars suit against the defendants in their official capacities. Significantly, the defendants seek to have this case dismissed for a variety of procedural

reasons, but do not suggest that summary judgment is appropriate on the *merits* of the claims asserted.

On this record, the Magistrate Judge recommends that summary judgment for the defendants is appropriate in this case.

Addressing the procedural issues raised by the defendants, the Magistrate Judge first concludes that *Heck v. Humphrey* has no application to this case, because the relief sought by the plaintiff has no effect on his underlying conviction or sentence or the fact or duration of his confinement. The Magistrate Judge also opines that to the extent that the defendants are sued in their official capacities, they are entitled to immunity under the Eleventh Amendment to the United States Constitution. The Magistrate Judge suggests that the defendants are entitled to qualified immunity from civil damages under *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Finally, the Magistrate Judge suggests that to the extent the plaintiff seeks to hold defendants Byars and McCall liable in their supervisory capacities, the claim must fail because the doctrine of *respondeat superior* is generally inapplicable to § 1983 suits.

Finally, and most significantly for purposes of this opinion, the Magistrate Judge goes directly to the merits of the due process claim and finds that, even viewed in the light most favorable to the plaintiff, the facts of this case do not support a viable due process claim. As to plaintiff's contention that the regulation at issue is unconstitutionally vague, the Magistrate Judge carefully analyzes the law in this area and concludes that fair notice was not "clearly lacking" so as to violate the plaintiff's due

5

process rights. As to the second prong of the due process challenge, the Magistrate Judge points out that plaintiff is incorrect in asserting that "no evidence" was introduced at his disciplinary hearing. Specifically, the hearing officer had before him testimony of the plaintiff and the mailroom supervisor, Nancy Merchant, as well as the plaintiff's own Requests and envelopes.

Plaintiff has taken objection to the Report and Recommendation, making essentially the same arguments he made before the Magistrate Judge.

*The Procedural Defenses Advanced by the Defendants*

The Magistrate Judge is clearly correct in suggesting that *Heck v. Humphrey* does not bar this action. He is also correct that the Eleventh Amendment bars any claim for damages against the defendants in their official capacities.[3] The Magistrate Judge is also correct regarding the *respondeat superior* claim.

The court is constrained to disagree, however, as to the Magistrate Judge's recommendation that qualified immunity bars this action. As noted previously in this order, the plaintiff has carefully structured his claim so as to avoid any claim for damages and seeks only an order from this court expunging the disciplinary violation on his prison record. It is well settled that qualified immunity does not apply to law suits claiming injunctive relief, but not damages. Claims for declaratory and injunctive relief are not affected by qualified immunity. *Roller v. Cavanaugh*, 984 F.2d 120, 122 (4th Cir.1993),

---

[3] Although damages are barred under Eleventh Amendment immunity, declaratory and/or injunctive relief may be available.

overruled in part on other grounds by *Ca. Dep't. of Corr. v. Morales*, 514 U.S. 499 (1995).

This leaves the Magistrate Judge's recommendation that the plaintiff's claims must fail on the merits. The court is troubled, however, by this aspect of the case because this argument was not advanced by the defendants in their summary judgment motion and the plaintiff has thus not had the opportunity to fully develop the record and submit his arguments on the merits of the claim to the Magistrate Judge. Although the Magistrate Judge may be entirely correct in his ultimate recommendation on this issue, the court believes that it would be best to remand this matter to the Magistrate Judge for further development of the arguments of both sides regarding the merits of the due process claim.

## Conclusion

For the foregoing reasons, the Magistrate Judge's Report and Recommendation is accepted in part and rejected in part. The court agrees with the Magistrate Judge that *Heck v. Humphrey* does not bar this action. The court also accepts the plaintiff's suggestion made throughout his brief that he does not seek to recover damages in this action. Because of this, qualified immunity and Eleventh Amendment immunity are not issues in this case and therefore those portions of the Report and Recommendation are rejected. The court accepts the Report insofar as it recommends that summary judgment be awarded to Byars and McCall because they are sued only in their supervisory capacities.

Accordingly, this action is remanded to the Magistrate Judge for a new Report and Recommendation addressing the merits of the plaintiff's due process claim. Defendants Byars and McCall are dismissed from this action. The defendants' motion for summary judgment (ECF No. 32) is denied without prejudice.

IT IS SO ORDERED.

September 14, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge