IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Daniel Shannon, <br><br> Plaintiff, <br><br> vs. <br><br> Ms. Nancy Merchant, Postal Director PCI; Mr. Jormal, Lieutenant at PCI; Ms. Abston, Captain at PCI; Mr. Turner, Disciplinary Hearing Officer at PCI; Ms. Jane Does; and Mr. John Does, <br><br> Defendants. | Civil Action No. 6:11-2332-JFA-KFM <br><br> **AMENDED** <br> **REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the remaining defendants' supplemental motion for summary judgment (doc. 58). The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court.

In a Report and Recommendation (doc. 43) filed July 26, 2012, the undersigned recommended that summary judgment be granted to all defendants. By way of Order dated September 14, 2012, the Honorable Joseph F. Anderson, Jr., United States District Judge, adopted the Report and Recommendation in part and rejected it in part and ordered that summary judgment be granted to defendants Byars and McCall (doc. 54). Judge Anderson also remanded the case to the undersigned for additional development of the record to address the merits on the plaintiff's due process claim. On October 1, 2012, the remaining defendants filed a supplemental memorandum in support of summary judgment (doc. 58). By Order filed October 2, 2012, pursuant to *Roseboro v. Garrison*, 528

F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the supplemental motion. The plaintiff thereafter filed a response in opposition on November 20, 2012 (doc. 68).

On June 19, 2013, the undersigned issued a Report and Recommendation (doc. 73) that the defendants' supplemental motion for summary judgment be granted. In doing so, the undersigned mistakenly addressed a claim that was not raised in the instant case ("*Shannon I*") but was instead raised by the plaintiff in a later-filed case, *Shannon v. SCDC*, C.A. No. 6:12-2938-JFA-KFM ("*Shannon II*"). On September 30, 2013, Judge Anderson rejected the Report and remanded both cases to the undersigned so that the proper issues may be addressed in each case and so that the plaintiff may be afforded the opportunity to file proper objections (*see* doc. 85). Accordingly, an Amended Report and Recommendation addressing the defendants' supplemental motion for summary judgment is required in the instant case.

## **FACTS PRESENTED**

The plaintiff is an inmate with the South Carolina Department of Corrections ("SCDC") at the Kirkland Correctional Institution ("KCI") in its Maximum Security Unit ("MSU"), but the complaint giving rise to this suit involves his time at Perry Correctional Institution ("PCI"). He is serving a life sentence without possibility for parole for murder, arson, kidnaping, burglary, and armed robbery.

On or about March 18, 2009, while being housed in the PCI Special Management Unit ("SMU"), the plaintiff addressed Requests to Staff forms (collectively referred to as "Requests") to two SCDC employees, correctional officers Sgt. Daniel Cotter and Lt. Dwayne Monroe, and put them into unsealed envelopes to be delivered outside PCI. These forms were addressed to the respective officers at their personal residences. The Requests asked the officers to retrieve certain legal work that was previously seized from another inmate as contraband material and to return it to the plaintiff. The PCI Mailroom Supervisor, defendant Nancy Merchant, states in her affidavit that she intercepted the

Requests, created an incident report, and forwarded the report and Requests to the shift supervising officer (doc. 32-1, Merchant aff. ¶¶ 6-8; doc. 32-2, Merchant aff., ex. A). The shift supervising officer then forwarded the documents to defendant Major Rhonda Abston. Defendant Abston classified the letters as a violation of SCDC Policy OP-22.14, Appendix A, Level 3 Offense 838 - Soliciting Improper Relationship.

> Offense 838 states:
>
> **Assistance from an Employee or an Inmate to Violate an Agency Rule or an Employee Rule**: The act of any inmate who willfully induces any person to do or agree to do any act in violation of his/her lawful duty or in violation of SCDC rules and regulations, or in violation of the lawful rules and regulations of a government agency which is exercising legitimate authority over an inmate. Assisting in the Corruption of or Entering into an Improper Relationship with an Employee: The act of any inmate who willfully gives, offers or promises anything of value with the intent to influence any official act or action within the official responsibility of any employee; the act of any inmate who enters into an improper relationship with an employee. Soliciting Money or Gifts from a SCDC Employee or an Inmate, or from another person for the Benefit of an Inmate: Any inmate who tries to obtain, buy, or entice money or gifts from any SCDC employee or another person for his/her benefit.

(doc. 32-5, McCall aff., ex. A at pp. 8-9).

On or about March 19, 2009, a Disciplinary Report and Hearing Record ("Report") was created, and the plaintiff was notified that a disciplinary hearing would be scheduled on March 31, 2009. The report reflects that at the disciplinary hearing the evidence presented included the production of the Requests and envelopes, defendant Merchant's testimony of her interception and handling of the letters, and the plaintiff's own testimony that he wrote the Requests. The report further reflects that the plaintiff was found guilty of Offense 838 by defendant Disciplinary Hearing Officer ("DHO") Richard Turner and was administered a suspension of privileges for 180 days and a 60-day disciplinary detention (doc. 32-1, Merchant aff. ¶ 10; doc. 32-3, Merchant aff., ex. B).

Almost three months later, on or about June 25, 2009, the Warden of PCI (and former defendant) David M. McCall, Jr. received a report that the plaintiff had received the

3

personal information of SCDC employees through the mail. A search of the plaintiff's cell was ordered, and the personal contact information of ten SCDC employees was found inside. The Warden then requested an emergency admission of the plaintiff into the MSU at KCI due to the prior incidents of possessing SCDC employee personal information, the plaintiff's two year gang affiliation, and the plaintiff's role in a credit card fraud and stolen identity case at Lee Correctional Institution in 2008. On July 14, 2009, the MSU Review Board met and reviewed the plaintiff's detention and unanimously recommended that the plaintiff remain in MSU pending further evaluation (doc. 32-4, McCall aff. ¶¶ 11-13; doc. 32-6, McCall aff., ex. B). The plaintiff has been housed in MSU since his transfer to KCI.

The plaintiff filed his complaint in this action on September 1, 2011, alleging (1) that Offense 838 is an unconstitutionally vague rule, as applied to him, and (2) that no evidence was presented at the disciplinary hearing supporting his conviction on the charge (comp. ¶¶ 9-10). He requests that his conviction of the violation of Offense 838 be declared null and void as a violation of his Fourteenth Amendment constitutional rights, that the conviction be removed from his record, and that he be granted the unspecified "costs in this suit" (*id.* ¶ 23).

After Judge Anderson ordered further development of the record on the due process claim, the plaintiff filed a response (doc. 68) to the defendants' supplemental memorandum in support of summary judgment (doc. 58). In his response, the plaintiff repeats his argument that Offense 838 is unconstitutionally vague and that, in any event, his conduct at issue – merely "requesting that his PCR Application be returned to him" – was not illegal (doc. 68, pl. resp. at p. 7). He contends that inmates regularly ask for seized contraband to be returned and that such requests do not result in sanctions. In support of this contention, he provides his own affidavit and prior grievance forms (docs. 68-2, 68-3), as well as affidavits from fellow inmates Starling, Williams, Myers, New, and Copeland, who likewise testify that they were never sanctioned for asking for the return of contraband items (docs. 68-4 through 68-10). The plaintiff also restates his argument that the disciplinary hearing was a sham, as no evidence was presented to justify his conviction.

4

In their supplemental memorandum (doc. 58), the defendants argue that Offense 838 is not vague and that the plaintiff violated it when he attempted to obtain contraband by mailing personal correspondence addressed to SCDC officers at their residences, asking that they retrieve and return the seized documents. The defendants point to the Disciplinary Report and Hearing Record (doc. 32-3, Merchant aff., ex. B) as proof that evidence was considered by the hearing officer in adjudging the plaintiff guilty.

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365

(4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

*Offense 838*

The plaintiff argues that Offense 838 is an unconstitutionally vague regulation as applied to him, and thus his conviction under the regulation violates his rights under the Due Process Clause of the Fourteenth Amendment. The Due Process Clause provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. "Due process undoubtedly requires certain minimal standards of specificity in prison regulations . . . ." *Meyers v. Alldredge*, 492 F.2d 296, 310 (3rd Cir.1974). However, given the differences in a prison environment and ordinary society, the courts have applied a relaxed version of the vagueness doctrine to prison regulations. *Id*. As the Sixth Circuit Court of Appeals explained in *Wolfel v. Morris*:

> Generally, due process prohibits excessively vague laws. However, the degree of specificity required in prison regulations is not the same as that required in other circumstances:
>
>> Due process undoubtedly requires certain minimal standards of specificity in prison regulations, but we reject the view that the degree of specificity required of regulations is as strict in every instance as that required of ordinary criminal sanctions. This results from the fundamental difference between normal society and prison society. The maintenance of strict security and discipline, with its unfortunate but unavoidable circumscription of an inmate's freedom to act, is essential to safe and efficient prison administration. As such, it is nearly impossible for prison authorities to anticipate, through narrowly drawn regulations, every conceivable form of misconduct which threatens prison security.

972 F.2d 712, 717 (6th Cir. 1992) (quoting *Meyers,* 492 F.2d at 310). Moreover, "[b]ecause 'legalistic wrangling' over the meaning of prison rules 'may visibly undermine the [prison]

6

administration's position of total authority,' federal courts have deferred to the interpretation of those rules by prison authorities 'unless fair notice was clearly lacking.' " *Adams v. Gunnell*, 729 F.2d 362, 369 (5th Cir.1984) (quoting *Hadden v. Howard*, 713 F.2d 1003, 1008 (3d Cir.1983)).

The plaintiff addressed Requests to Staff to two SCDC employees at their home addresses, which were opened by mailroom staff pursuant to SCDC policy. The Requests asked that the officers retrieve and give to him legal work that had been taken from another inmate but that the plaintiff claimed belonged to him. According to the defendants, the documents that had been taken from the other inmate were considered contraband materials. SCDC regulations prohibit an inmate from possessing contraband materials (doc. 58, def. supp. m.s.j. at p. 4 (citing SCDC Policy OP-22.35)).

The plaintiff argues that his purported legal documents, located in the possession of another inmate, should not be considered contraband, and even if they were, he did nothing wrong by simply asking for the return of the documents (doc. 68, pl. resp. at pp. 7-8). However, he fails to recognize that the manner in which he went about this request was violative of Offense 838. Rather than orderly proceeding through each stage of the grievance process to seek the return of his PCR Application, the plaintiff attempted to personally contact SCDC employees at their homes for assistance. Such outside communication is far different than inmate requests made and considered inside SCDC, whether formal or informal, as described by the plaintiff and his supporting affiants. By making contact with an officer at his home, an inmate is announcing to the officer that he knows where the officer resides. Such communication can easily be inferred as threatening by a reasonable officer and, as such, an inducement by the inmate for the officer to act on his request. Moreover, while the plaintiff objects to the characterization of the documents as contraband (*id.* at pp. 7-8, 10-11), he clearly knew the documents were considered such by the SCDC as he stated as follows in one of the Requests at issue in this litigation: "some legal work was taken from Terrance Bryan #254638 and turned into Contraband" (doc. 32-2, Merchant aff., ex. A at p. 7).

This court finds that the plaintiff's request that the officers give him the documents violated Offense 838, which makes it an offense for an inmate to willfully induce "any person to do or agree to do any act in violation of his/her lawful duty or in violation of SCDC rules and regulations" (doc. 32-5, McCall aff., ex. A at pp. 8-9). The plaintiff knew that the documents he sought were considered contraband, and he attempted to induce SCDC officers to provide him with that contraband by targeting his requests to their personal residences. Furthermore, while the plaintiff has argued that he was "completely unaware" of the above-cited contraband policy (doc. 41 at p. 5), a review of his disciplinary record shows at least three convictions for possession of contraband materials (doc. 58-1, pl. offense history). Furthermore, while the plaintiff has maintained that because he was never presented with a copy of Offense 838 or SCDC contraband policies and they were not posted in common areas around SCDC facilities he was, therefore, not guilty of the offenses (*id.*), the defendants state that all nonrestricted SCDC policies and regulations are made available to the inmate population for review at each institution's law library. The defendants further maintain that neither SCDC Policy OP-22.14 (Inmate Disciplinary System), which lists Offense 838 as a Level 3 Offense, nor SCDC Policy OP-22.35 (Contraband Control) are restricted policies (doc. 58, def. supp. m.s.j. at p. 5).

Given the foregoing, fair notice was not "clearly lacking" so as to violate the plaintiff's right to due process. Accordingly, this aspect of his due process claim should be rejected.

*Disciplinary Hearing*

The plaintiff does not argue that the disciplinary hearing lacked procedural protections, but he alleges that his conviction for violating Offense 838 was improper due to a "complete lack of evidence to support such a charge" (comp. ¶ 21). Due process is satisfied if the disciplinary hearing decision was based upon "some evidence in the record." *Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. 445, 454-55 (1985). The "some evidence" standard is a lenient one, requiring no more than a "modicum of evidence," and is met if there is any evidence in the record that could support the decision. *Id*. at

455–56. This standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir.1999). As the Supreme Court noted in *Hill*, "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." 472 U.S. at 455–56. The DHO's report states that in sustaining the charge he relied on the production of the Requests and envelopes, defendant Merchant's testimony of her interception and handling of the letters, and the plaintiff's own testimony that he wrote the Requests (doc. 32-3, Merchant aff., ex. B). The undersigned finds that the evidentiary standard of *Hill* was satisfied as to this prison disciplinary conviction.

## **CONCLUSION AND RECOMMENDATION**

Now, therefore, based on the foregoing,

IT IS RECOMMENDED that the defendants' supplemental motion for summary judgment (doc. 58) be granted.

October 9, 2013      s/ Kevin F. McDonald
Greenville, South Carolina      United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.