IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Daniel Shannon, | ) | C/A No.: 6:11-2332-JFA-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Ms. Nancy Merchant, Postal Director PCI; | ) | |
| Mr. Jormal, Lieutenant at PCI; Ms. Abston, | ) | |
| Captain at PCI; Mr. Turner, Disciplinary | ) | |
| Hearing Officer at PCI; Ms. Jane Does; | ) | |
| and Mr. John Does, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Daniel Shannon, brings this action pursuant to 42 U.S.C. § 1983, alleging that his disciplinary conviction for violating a policy of the South Carolina Department of Corrections was wrongful and improperly conducted such that his due process rights under the Fourteenth Amendment were violated.   He seeks injunctive relief and costs[1] in this action.

The Magistrate Judge assigned to this action[2] has prepared an Amended Report and Recommendation (ECF No. 88) suggesting that this court should grant the defendants'

---

[1]  The plaintiff does not seek damages.

[2]  The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).

1

supplemental motion for summary judgment.[3]   Previously, on September 14, 2012, the undersigned adopted in part the Report and Recommendation of the Magistrate Judge (ECF No. 54) and granted summary judgment to defendants Byars and McCall only.  The court then remanded the matter back to the Magistrate Judge to develop the record on the merits of plaintiff's due process claim.  The remaining defendants (Merchant, Jormal, Abson, and Turner) filed a supplemental motion for summary judgment (ECF No. 58)[4] to which the plaintiff responded (ECF No. 68).

The parties were advised of their right to file objections to the Amended Report and Recommendation.  The plaintiff has filed a timely objection memorandum, thus, this matter is ripe for review.

The Amended Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter which the court incorporates herein without recitation.  The somewhat unique procedural history of this case is recited in the Magistrate Judge's original and Amended Report and Recommendations and no good purpose would be served by repeating it here.  Suffice it say that the matter is once again before this court upon the

---

[3] On June 19, 2013, the Magistrate Judge issued a Report and Recommendation on the defendants' supplemental motion for summary judgment suggesting that the motion should be granted.  The Magistrate Judge mistakenly addressed a claim that was not raised in the instant case (*Shannon I*), but was raised by the plaintiff in a later-filed, related case, *Shannon v. SCDC*, C/A No. 6:12-2938-JFA-KFM (*Shannon II*).  This court remanded the Report back to the Magistrate Judge to address the appropriate issues in each case and allow the plaintiff time to properly file objections.  The Amended Report and Recommendation actually amended the second Report and Recommendation filed on June 19, 2013 and specifically addresses the defendants' supplemental motion for summary judgment.

[4] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment.

Magistrate Judge's Amended Report and Recommendation suggesting that summary judgment be granted to the defendants.

The plaintiff is an inmate with the South Carolina Department of Corrections ("SCDC") at the Kirkland Correctional Institution ("KCI") in its Maximum Security Unit ("MSU"). Although plaintiff is currently housed at Kirkland, the events giving rise to this suit occurred while plaintiff was housed at the Perry Correctional Institution ("PCI"). Plaintiff is serving a life sentence without parole for murder, arson, kidnaping, burglary, and armed robbery.

It is undisputed that on or about March 18, 2009, while being housed at the PCI SMU, plaintiff addressed Requests to Staff Forms (which the Magistrate Judge collectively refers to as the "Requests") to two SCDC employees, specifically, Correctional Officers Sergeant Daniel Cotter and Lieutenant Dwayne Monroe. Plaintiff put these Requests into unsealed envelopes to be delivered outside of PCI. These forms were addressed to the respective officers at their personal residences.

The Requests asked that the officers retrieve certain legal work that had been previously seized from another inmate and return the same to plaintiff. Plaintiff asserts that the material that was seized was his presentence report ("PSR"). A later search of the plaintiff's cell revealed that the plaintiff had personal contact information on ten SCDC employees. Apparently, the paperwork that the plaintiff sought to have the officers retrieve for him was his Post-Conviction Relief Application ("PCR").

3

The PCI mailroom supervisor, defendant Nancy Merchant, states in her affidavit that when she intercepted the Requests, she created an incident report and notified the supervising officer. The supervising officer forwarded the document to defendant Major Rhonda Alston. Alston classified these letters as being violative of SCDC Policy OP-22.14, Appendix A, Level 3, Offense 838. This regulation deals with "soliciting improper relationship" and reads in its entirety as follows:

> Assistance from an Employee or an Inmate to Violate an Agency Rule or an Employee Rule: The act of any inmate who willfully induces any person to do or agree to do any act in violation of his/her lawful duty or in violation of SCDC rules and regulations, or in violation of the lawful rules and regulations of a government agency which is exercising legitimate authority over an inmate. Assisting in the Corruption of or Entering into an Improper Relationship with an Employee: The act of any inmate who willfully gives, offers or promises anything of value with the intent to influence any official act or action within the official responsibility of any employee; the act of any inmate who enters into an improper relationship with an employee. Soliciting Money or Gifts from a SCDC Employee or an Inmate, or from another person for the Benefit of an Inmate: Any inmate who tries to obtain, buy, or entice money or gifts from any SCDC employee or another person for his/her benefit.

On or about March 19, 2009, a disciplinary report and hearing record was created, and the plaintiff was notified that a disciplinary hearing would be scheduled on March 31, 2009, regarding the charge that the plaintiff had violated Offense 838. At the disciplinary hearing, the evidence presented included the Requests and envelopes, defendant Merchant's testimony of her interception and handling of the Requests, and the plaintiff's own testimony as to why he wrote the Requests. The Amended Report and Recommendation reflects that the plaintiff was found guilty of a violation of Offense 838 by defendant hearing officer Richard Turner and the plaintiff was administered a suspension of privileges for 180 days

4

and a 60-day disciplinary detention.

Almost three months later, on June 25, 2009, the Warden of PCI (earlier dismissed defendant David M. McCall, Jr.) received the report that the plaintiff had received the personal information of SCDC employees through the mail. A search of the plaintiff's cell revealed that the plaintiff had contact information on an additional eight SCDC employees. The Warden then requested an emergency admission of the plaintiff into the MSU at KCI due to the prior incidents of possessing SCDC employee information; the plaintiff's two-year gang affiliation; and the plaintiff's role in a credit card fraud and stolen identity case at Lee Correctional Institution in 2008.

On July 14, 2009, the MSU review board met and reviewed the plaintiff's detention at MSU and unanimously recommended that the plaintiff remain in MSU pending further evaluation. The plaintiff has been housed at MSU since his transfer to KCI.

In the complaint before the court, plaintiff alleges that (1) Offense 838 is an unconstitutionally vague rule as applied to him; and (2) no evidence was presented at the disciplinary hearing supporting his conviction on the charge of violating Offense 838. He requests that his conviction of violation of Offense 838 be declared null and void as a violation of his Fourteenth Amendment constitutional rights, that the conviction be removed from his record, and that he be granted costs of this action.[5]

---

[5] It should be noted that at this juncture that the present action challenges only the hearing related to the Offense 838 violation. It does not challenge the decision made by the Warden, three months later, to place plaintiff in the Maximum Security Unit for the Offense 838 violation along with other violations of prison regulations.

Plaintiff contends in his lawsuit that Offense 838 is an unconstitutionally vague regulation as applied to him, and thus his disciplinary conviction violates his rights under the due process clause of the Fourteenth Amendment. It is well-established that the due process clause requires certain minimum standards of specificity in prison regulations. *Myers v. Alldredge*, 492 F.2d 296, 310 (3rd Cir. 1974). As the Magistrate Judge points out in his Amended Report and Recommendation, however, there are differences in a prison environment that cause a relaxed standard of scrutiny to be applied when reviewing prison regulations. As the Sixth Circuit Court of Appeals explained in *Wolfel v. Morris*:

> Generally, due process prohibits excessively vague laws. However, the degree of specificity required in prison regulations is not the same as that required in other circumstances:
>
>> Due process undoubtedly requires certain minimal standards of specificity in prison regulations, but we reject the view that the degree of specificity required of regulations is as strict in every instance as that required of ordinary criminal sanctions. This results from the fundamental difference between normal society and prison society. The maintenance of strict security and discipline, with its unfortunate but unavoidable circumscription of an inmate's freedom to act, is essential to safe and efficient prison administration. As such, it is nearly impossible for prison authorities to anticipate, through narrowly drawn regulations, every conceivable form of misconduct which threatens prison security.

972 F.2d 712, 717 (6th Cir. 1992) (quoting *Meyers v. Alldredge*, 492 F.2d 296, 310 (3rd Cir. 1974)). Moreover, "[b]ecause 'legalistic wrangling' over the meaning of prison rules 'may visibly undermine the [prison] administration's position of total authority,' federal courts have deferred to the interpretation of those rules by prison authorities 'unless fair notice was

6

clearly lacking.'" *Adams v. Gunnell*, 729 F.2d 362, 369 (5 th Cir.1984) (quoting *Hadden v. Howard*, 713 F.2d 1003, 1008 (3d Cir.1983)).

The Magistrate Judge suggests that the plaintiff has failed to recognize the manner in which the plaintiff went about what appeared to be an otherwise routine request. Rather than orderly proceeding through each stage of the grievance process to seek the return of his PCR application, the plaintiff attempted to personally contact SCDC employees at their homes for assistance. As the Magistrate Judge observes, "by making contact with an officer at his home, an inmate is announcing to the officer that he knows where the officer resides." Amended Report at 7. According to the Magistrate Judge, such home communications can be inferred by the receiving officer as a threat, and, as such, an inducement by the inmate for the officer to act on his request.[6]

The Magistrate Judge concludes that the plaintiff's request that the officer's give him the documents violated Offense 838, which, as noted above, makes it an offense for an inmate to willfully induce and person to do or agree to do any act in violation of his/her lawful duty or in violation of SCDC rules and regulations."

The plaintiff timely filed two objections to the Report and Recommendation. In his

---

[6] This court is at a loss to fathom why the plaintiff was not disciplined for the mere fact of having home addresses of correctional officers in his possession. In the current era of increased sensitivity to personal privacy issues, this court is not allowed to use the names, much less reveal the home addresses, of jurors who participate in the administration of justice at the courthouse. For an inmate to possess home addresses of prison guards, raises the specter of threats to the guards' family, including small children, by family and associates of the inmate. In this court's view, plaintiff could have been sanctioned for the possession of this information, without more. Nevertheless, because the record was developed in a different fashion, the court will review the decision under challenge in the same fashion as the Magistrate Judge.

first objection, plaintiff contends that the Magistrate Judge "imposed his subjective views" on the conduct of, and resolution of, the Offense 838 hearing. Plaintiff argues that defendants have not taken the position that it was the *manner* in which plaintiff tried to have his correspondence delivered that was violative of Offense 838. The court disagrees. The record of the disciplinary hearing suggests that the result was reached, at least in part, on the manner in which the plaintiff attempted to have the correspondence delivered to the officers at their homes.

In his second objection, plaintiff argues that the Magistrate Judge impermissibly made a credibility determination when he determined that the documents plaintiff was seeking to retrieve were contraband. In making this objection, plaintiff suggests that the DHO heard from witnesses on the contraband question, pro and con, and resolved the credibility question adversely to the defendant. Such is not the case. No witnesses testified as to whether the documents sought to retrieve constituted contraband. Indeed, it appears to be undisputed that the documents plaintiff sought to retrieve consisted of his PCR application. As the Magistrate Judge pointed out, plaintiff had appropriate avenues available to him to obtain these papers, but went about his requests the wrong way, by addressing his requests to the officers at their home addresses.

As indicated above, plaintiff's primary contention in this lawsuit is that Offense 838 is unconstitutionally vague. He also contends that there was a lack of evidentiary support at the disciplinary hearing. As the Magistrate Judge points out, however, essentially all of the information necessary to find the plaintiff guilty of the violation was undisputed. Plaintiff

8

did not challenge the assertion that he had the officers' home addresses in his possession, and the written requests to the officers were self-explanatory. In essence, there was no disputed evidence to be presented to the DHO.

Moreover, the plaintiff was not naive to the contraband policy as he contends because he has had at least three prison disciplinary convictions for possession of contraband materials. Finally, the defendants state that nonrestricted SCDC policies and regulations are made available to the inmate population for review at each institution's law library. Neither SCDC Policy OP-22.14 (Inmate Disciplinary System) which lists Offense 838 as a Level 3 Offense, nor SCDC Policy OP-22.35 (Contraband Control) are restricted policies.

This court agrees with the Magistrate Judge that fair notice was not clearly lacking so as to violate plaintiff's right to due process and this claim is rejected.

With regard to the plaintiff's claim that his conviction for violating Offense 838 was improper due to a complete lack of evidence to support such a charge, the Magistrate Judge opines that the evidentiary standard set out in *Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. 445, 454–55 (1985) was satisfied as to plaintiff's disciplinary conviction. *Hill* found that due process is satisfied if the disciplinary hearing decision was based upon "some evidence in the record" and that such standard is a lenient one, requiring no more than a "modicum of evidence" and is met if there is any evidence in the record that could support the decision. *Id*. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of credibility of witnesses or weighing of the evidence. Instead, the relevant question is whether there is any evidence in

9

the record that could support the conclusion reached by the disciplinary board." *Id*. At 455-56.

For the foregoing reasons, the court finds no merit to the plaintiff's objections to the Amended Report and Recommendation.  The Amended Report is hereby adopted and incorporated herein by reference.  The supplemental motion by defendants for summary judgment (ECF No. 58) is granted,  and this matter is dismissed with prejudice.

IT IS SO ORDERED.

July 23, 2014                                             Joseph F. Anderson, Jr.
Columbia, South Carolina                      United States District Judge

10